# SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

CRAIG A. KARSNITZ,
JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5263

June 9, 2020

Justin Wilson
SBI# 00477853
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re:  *State of Delaware v. Justin Wilson,* Cr. No. 0911019557 (R-2)

Dear Mr. Wilson:

On May 13, 2020, you filed your second motion for postconviction relief under Superior Court Rule Criminal Rule 61 (the "Second Motion") with respect to the above-referenced matter.

Superior Court Criminal Rule 61(i)(1) provides:

"A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court."

In your Second Motion, you assert a constitutional right that you claim was

newly recognized by the United States Supreme Court in *Garza v. Idaho*, 139 S. Ct.

1

738 (2019), decided on February 27, 2019. You further claim that this right applies retroactively to your case.

I need not decide whether the right created in *Garza* is a newly recognized constitutional right or whether it is retroactive.[1] You failed to file your Second Motion with this Court within one year after *Garza* was decided.

Superior Court Criminal Rule 61(d)(2)(ii) provides in pertinent part:

"A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was *convicted after a trial* and the motion … pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid." [Emphasis supplied]

Superior Court Criminal Rule 61(i)(2)(i) provides in pertinent part:

"No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of subparagraph … (2)(ii) of subdivision (d) of this rule."

Your first motion for postconviction relief was denied on March 14, 2011. This your Second Motion, and the requirements of Rule 61(d)(2)(ii) and Rule 61(i)(2)(i) are not met. You were not convicted after a trial, but rather pled guilty.

---

[1] Like the Delaware Supreme Court in *Wilson v. State of Delaware*, 2020 WL1488155 (Del. Supr.) which on March 20, 2020 dismissed your untimely appeal to that Court, I note, without deciding the issue, that several federal courts have held that *Garza* did not establish a newly recognized, retroactive right. *E.g.*, *United States v. Price*, 2020 WL 516357, at *3 n.1 (W.D. Pa. Jan. 23, 2020); *Espinal v. United States*, 2020 WL 264918, at *3-4 (E.D.N.Y. Jan. 17, 2020); *Macklin v. Dowling*, 2019 WL 4727070, at *3 (W.D. Okla. Aug. 30, 2019).

You have failed to meet the requirements of Rule 61(i)(1) and Rule 61(i)(2)(i). Your motion for postconviction relief is procedurally barred. Therefore, your Rule 61 Motion must be **DENIED**.

**IT IS SO ORDERED**.

Very truly yours,

Craig A. Karsnitz

cc:    Prothonotary's Office
       Department of Justice

FILED PROTHONOTARY
SUSSEX COUNTY
2020 JUN -9 P 3: 07

3